

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMMY R. JORGENSEN, | No. 14-35635 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05199-RBL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 8, 2017[**]
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Claimant Tammy R. Jorgensen appeals a district court judgment affirming

the denial of her application for disability insurance and Supplemental Security

Income under the Social Security Act. Reviewing the district court's decision de

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

novo and the administrative law judge's ("ALJ") decision for substantial evidence, Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015), we affirm.

1. The ALJ did not err in analyzing the medical evidence. In particular, the ALJ did not err in assessing Dr. Laura Keeter's report because the residual functional capacity ("RFC") assessment accounted for Claimant's respiratory symptoms documented in that report, but the report's other conclusions lacked adequate support in the record. The ALJ also did not improperly reject Nurse Desiree White's report. The ALJ had no duty to supplement the record because the White report was adequate "to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459–60 (9th Cir. 2001). The ALJ correctly concluded that Nurse White was not an "acceptable medical source," see 20 C.F.R. § 404.1513(a) (listing acceptable sources), and provided "germane reasons" for discounting her opinion, see Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ also correctly assessed the remaining medical sources. Finally, the ALJ did not err in concluding that Claimant's asthma was not a severe impairment, because she identified adequate record support for her conclusion that Claimant's asthma is well controlled with proper medication.

2

2. The ALJ did not err in assessing Claimant's credibility. The ALJ "provide[d] clear and convincing reasons, supported by evidence in the record," for concluding that Claimant's asthma and dizziness symptoms were not as severe as alleged. Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ reasonably found that Claimant's activities of daily living undermined some of her assertions and formulated an RFC consistent with those activities. See Molina, 674 F.3d at 1113 (explaining that activities of daily living "may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"). The ALJ did not err in considering, without treating as dispositive, Claimant's application for unemployment benefits during the alleged disability period, in which she certified an ongoing search for full-time employment. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161–62 (9th Cir. 2008) (holding that "receipt of unemployment benefits can undermine a claimant's alleged inability to work full[-]time"); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (same).

3. The ALJ did not err in formulating the RFC. Even assuming, without deciding, that the ALJ did not adequately explain her conclusion at Step Four of the sequential evaluation process that Claimant could perform past relevant work, the ALJ did not err in her conclusion at Step Five that Claimant could perform

3

other work. See Molina, 674 F.3d at 1115 (explaining that an error was "inconsequential where the record supported the ALJ's determination that the claimant was able to perform other light work and therefore was not disabled").

4. We decline Claimant's request to credit her testimony as true and to remand for the calculation of benefits. The ALJ gave permissible reasons for not crediting aspects of Claimant's testimony that conflicted with the RFC.

**AFFIRMED.**